UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RENEE EVERETT and BUILDING
WERKS OF WI, LLC,

      Plaintiffs,

v.                                                Case No: 2:18-mc-10-FtM-29CM

PAUL DAVIS RESTORATION,
INC,

      Defendant.

## ORDER

This matter comes before the Court upon review of Defendant's Third Amended Motion to Compel Discovery (Doc. 9) filed on May 8, 2018 and Defendant's Motion for Writ of Execution to be Issued (Doc. 15) filed on October 1, 2018. Docs. 9, 15. Defendant Paul Davis Restoration, Inc. ("PDRI") seeks post-judgment discovery to confirm Plaintiff Renee Everett's sources of income, holdings and property so it can attempt to collect $375,552.70 in attorneys' fees that Ms. Everett owes PDRI. *See generally* Doc. 9. PDRI also requests that the Court issue a writ of execution related to the "judgment" on attorneys' fees.[1] Doc. 15. For the reasons stated below, the motions are denied without prejudice.

---

[1] PDRI attached to the Motion for Writ of Execution an order granting PDRI's motion for attorneys' fees, but did not attach a judgment entered on attorneys' fees or an amended judgment incorporating the order granting PDRI's motion for attorneys' fees. *See generally* Doc. 15.

On April 21, 2015, PDRI obtained a civil judgment against Plaintiffs Ms. Everett and Building Werks of WI, LLC in the United States District Court for the Eastern District of Wisconsin, and on August 3, 2015, the Honorable William C. Griesbach entered an order granting PDRI's motion for attorneys' fees and directing Ms. Everett to pay attorneys' fees in the amount of $374,552.70. Docs. 1, 1-1, 1-2. On October 1, 2015, Defendant registered the foreign judgment with the Middle District of Florida, Jacksonville Division. Doc. 1. On December 5, 2017, PDRI filed a Motion to Compel Discovery[2] seeking to compel Ms. Everett to produce post-judgment discovery to aid PDRI in collecting the attorneys' fees from her. Doc. 2. The Honorable Patricia D. Barksdale entered an Order on December 11, 2017 directing PDRI's counsel to file an amended certificate of service for the Motion to Compel Discovery because the means of service was unclear given that Ms. Everett's counsel was not counsel of record and thus would not receive CM/ECF notifications. Doc. 3. PDRI thereafter moved to withdraw the motion, which Judge Barksdale allowed. Docs. 4, 5.

On February 8, 2018, PDRI filed an Amended Motion to Compel Discovery, and Judge Barksdale directed PDRI to meaningfully confer with Plaintiffs in accordance with Rule 3.01(g) of the Middle District of Florida Local Rules and supplement the motion by February 26, 2018. Doc. 7. On March 21, 2018, Judge Barksdale denied

---

[2] There is no docket activity in the case from October 1, 2015 to December 5, 2017, but emails attached to one of the motions show that from at least August 2017 to October 2017 PDRI was attempting to obtain discovery responses from Ms. Everett without court intervention. *See* Docs. 9-1, 9-2.

without prejudice the Amended Motion to Compel Discovery because PDRI failed to supplement the motion. Doc. 8. On May 8, 2018, PDRI filed a Third Amended[3] Motion to Compel Discovery. Doc. 9.

On June 21, 2018, the case was transferred to the Fort Myers Division of the Middle District of Florida. Doc. 11. On July 18, 2018, PDRI served a Notice of Taking Deposition *Duces Tecum* In Aid of Execution on Ms. Everett and filed the Notice with the Court on July 27, 2018. Docs. 12, 13. On August 8, 2018, PDRI filed an Amended Notice of Taking Deposition *Duces Tecum* in Aid of Execution, indicating Ms. Everett was directed to appear for a deposition on September 26, 2018. Doc. 14. On October 1, 2018, PDRI filed a Motion for Writ of Execution, stating that the full amount of the $374,552.70 judgment remains outstanding and PDRI believes Ms. Everett "has in her possession visible property upon which a levy can be made sufficient to satisfy said Judgment." Doc. 15 at 1-2.

As an initial matter, the Court notes that the status of Ms. Everett's representation and PDRI's service of the two motions on Ms. Everett is unclear. As to Ms. Everett's representation, the docket reflects that Ms. Everett is proceeding *pro se*, but counsel for PDRI attaches to the Third Amended Motion to Compel Discovery various emails exchanged with an attorney, apparently on behalf of Ms. Everett, who has not entered a notice of appearance in the case. *See* Docs. 9-1, 9-2; *see also* Doc. 3 ("Because the plaintiffs' counsel is not counsel of record in this Court and not

---

[3] It appears PDRI incorrectly titled the motion, as the motion filed May 8, 2018 would be its second amendment to the motion to compel, not third.

receiving CM/ECF notifications from this Court, the means of service is unclear"). The emails indicate that as of at least October 2017, Kara Jursinski Murphy, Esq., of the Law Office of Kevin F. Jursinski & Associates, P.A., was representing Ms. Everett. *See* Doc. 9-2. The amended deposition notice PDRI filed on August 8, 2018, however, lists Amanda C. Smith, Esq., of the firm Roetzel & Andress, as Ms. Everett's representative. *See* Doc. 14 at 1. Despite these references, no notice of appearance has been filed on behalf of Ms. Everett, and Ms. Everett has not filed anything on the docket since the judgment was registered in October 2015. *See generally* Docket.

As to the service issue, it is unclear whether Ms. Everett ever received the Third Motion to Compel Discovery or the Motion for Writ of Execution or whether she is aware that PDRI filed either motion. Counsel for PDRI provides two certificates of service in the Third Amended Motion to Compel Discovery, one of which says the motion was "electronically filed with the Clerk of Court which will send a notice of filing to: Renee Everett, 6057 Cocos Drive, Fort Myers, Florida 33908,"[4] and the other of which indicates the document was served "on all counsel of record or pro se parties identified on the attached service list in the manner specified," but provides no service list. Doc. 9 at 7-8. The motion also attaches an email that appears to be sent from a process server stating that on August 16, 2017, Ms. Everett was served with various documents, none of which includes the actual motion filed on May 8, 2018. *See* Doc.

---

[4] The Court notes that under the Federal Rules of Civil Procedure parties are responsible for serving their own motions. *See* Fed. R. Civ. P. 5(a). The Clerk is not responsible for mailing copies of motions filed by the parties.

9-1. Further, the Motion for Writ of Execution includes a certificate of service which states that the motion was "filed with the Clerk of Courts via Florida's e-Filing Portal which will serve copies to all counsel of record[.]" Doc. 15 at 2. As noted, however, there is no counsel of record in this case for Ms. Everett. Thus, it is doubtful that Ms. Everett received copies of either motion based on the content of PDRI's submissions.

Notwithstanding the representation and service issues, both motions will be denied without prejudice as they fail to comply with the Local Rules. First, the Third Amended Motion to Compel Discovery fails to comply with Local Rule 3.04(a), which requires a motion to compel to:

> include quotation in full of each . . . request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. R. 3.04(a). The motion also fails to comply with Local Rule 3.01(g), which requires that for each motion filed in a civil case, with certain enumerated exceptions not at issue here, the moving party confer with the opposing party "in a good faith effort to resolve the issues raised by the motion" and provide a statement in the motion "(1) certifying that the moving counsel has conferred with opposing counsel; and (2) stating whether counsel agree on the resolution of the motion." M.D. Fla. R. 3.01(g). Further, Local Rule 3.01(g) requires parties to confer with unrepresented parties as they would counsel. *See Rigley v. Livingston Fin. LLC*, No. 6:12-cv-617, 2012 WL 12915480, at *1 (M.D. Fla. Dec. 4, 2012).

Here, the apparent attempt at a Local Rule 3.01(g) certification states:

> On April 30, 2018, the undersigned communicated with Plaintiff via email, requesting a completed response by the Plaintiff to the discovery requests for interrogatories. Plaintiff has served the Defendant with its response to the interrogatories that were deficient. As of May 7, 2018, we have received no response or objection.

Doc. 9 at 7. PDRI makes no reference to conferring with Ms. Everett about the relief requested in the motion as required by Local Rule 3.01(g). *See generally* Doc. 9. Further, the Court notes that because PDRI has since filed deposition notices and its Motion for Writ of Execution, it is unclear if the issues raised by the Third Amended Motion to Compel have been resolved. Regardless, because this is PDRI's second failure to comply with Local Rule 3.01(g), the Court will make clear that from this point forward, the parties are advised they must certify in any future motions that they conferred through engaging in clear, substantive discussions involving all issues raised by the motion **in person or by telephone** in a good faith effort to resolve any issues raised prior to filing the motion.

Finally, the Motion for Writ of Execution fails to comply with Local Rule 3.01(a) because it does not include a memorandum of law or any citation to legal authority in support of the relief requested by the motion. Local Rule 3.01(a) requires that each motion filed "include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request[.]" M.D. Fla. R. 3.01(a). Here, the Motion for Writ of Execution does not cite to any rule, statute or case in support of the relief requested,

nor does it explain why Defendant is entitled to such relief.[5]  Future motions that fail to comply with the Local Rules and this Order will be summarily denied on that basis.

ACCORDINGLY, it is

**ORDERED:**

1. Defendant's Third Amended Motion to Compel Discovery (Doc. 9) is **DENIED without prejudice**.

2. Defendant's Motion for Writ of Execution to be Issued (Doc. 15) is **DENIED without prejudice.**

3. The parties are directed to file a status report on or before **December 10, 2018** advising the Court of the status of Ms. Everett's representation.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of November, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
*Pro se* parties

---

[5] The Court notes that the Motion for Writ of Execution includes the order from the Eastern District of Wisconsin granting Defendant's motion for attorney's fees but does not include a judgment on attorney's fees or an amended judgment incorporating the attorney's fees order.  *See* Doc. 15 at 3-10.  The judgment attached to the motion entered earlier in the case is not a money judgment, and Defendant does not cite to any legal authority for the Court issuing a writ of execution to enforce an order on attorney's fees when Rule 69 of the Federal Rules of Civil Procedure limits a court's authority to issue a writ of execution to enforcement of a "money judgment[.]"  *See generally* Doc. 15; Fed. R. Civ. P. 69(a)(1).